MARGARET TONG, Respondent, v. LUCINDA RICHMOND, Appellant.

No. 3676; November 21, 1873.

**Appeal —Request for Written Findings—Time to Request.—** Where the statute provides that the failure to file written findings shall not be cause for reversal when such filing was not requested by the appellant at the submission of the cause and the request entered on the court minutes, a failure in this regard is not ground for reversal if the request was made after the court announced its decision but before any judgment was entered.

**Lost Instrument—Proof.—The Contents of a Lost Power of Attorney** cannot be proved by secondary evidence without requisite proof first having been had of the loss of the instrument.

**Possession—Necessity of Inclosure.—If Land is Subjected to the Exclusive Dominion** and control of the possessor, whatever the means used for that purpose may be, there is actual possession; and an inclosure is not indispensable.

APPEAL from Eleventh Judicial District, El Dorado County.

George E. Williams for respondent; George G. Blanchard for appellant.

BELCHER, J.—The action is ejectment to recover the possession of a quarter section of land in El Dorado county. The

case was tried by the court and judgment rendered in favor of the plaintiffs without written findings.

At the conclusion of the trial the cause was submitted, and the court then announced its decision, and thereupon, before any judgment was entered, counsel for defendants requested the court to make and file its findings in writing. This request was refused by the court, and this is the first error assigned.

Section 180 of the Practice Act, in force when this action was tried, provided that "no judgment shall be reversed on appeal for want of a finding in writing at the instance of any party who at the time of the submission of the cause shall not have requested a finding in writing, and had such request entered in the minutes of the court." In this case the request for written findings was not made at the time of the submission of the cause, and we cannot, therefore, for this reason reverse the judgment.

In the progress of the trial the defendants sought to prove the contents of a lost power of attorney, and, upon the objection of the plaintiffs, the evidence was excluded. We see no error in this ruling. The requisite proof of the loss of the paper had not been made.

The quarter section in controversy was public land of the United States, and the right to the possession of it was claimed by both parties. The plaintiffs based their claim upon declaratory statements filed by them upon this and adjoining land in the proper United States land office in 1871, and upon the fact that in April, 1872, they inclosed this quarter section by a fence which, it was admitted on the trial, was sufficient to turn stock. The defendants, on the other hand, claimed and introduced evidence to prove that as early as 1859 or 1860 the defendant, Mrs. Richmond, constructed fences which, in connection with the fences of adjoining owners, inclosed a tract of about four hundred acres, including the premises in controversy, and that she had since that time constantly used the whole tract, to the exclusion of all other persons, for grazing and stock-raising purposes. It appears from the record that the fences about this tract were kept up until some three or four years prior to the trial, when portions of Mrs. Richmond's fence were removed, leaving gaps or openings in it of considerable extent. These gaps re-

mained, but were guarded by two Indian boys employed by Mrs. Richmond, so as effectually to keep her stock in the field and all other stock out.

Without discussing the question whether the defendants had in fact exercised exclusive control over the land, counsel for respondents contend that there could be no actual possession of it without a complete inclosure, and that, therefore, the judgment of the court below was right and should be affirmed here. The error of the argument is in the assumption that an inclosure is necessary to actual possession. Unquestionably there may be actual possession without a complete or any inclosure. It is necessary only that the land be subjected to the exclusive dominion and control of the possessor. Whenever it is so subjected, whatever the means used for that purpose may be, there is a sufficient possession. In this case there was no conflict of testimony upon the question whether Mrs. Richmond had by fences and guards subjected this land to her exclusive control.

There can be no just pretense, and counsel do not appear to claim, that respondents were entitled to recover upon the strength of their declaratory statements alone.

Upon the case presented, we think the judgment was wrong, and a new trial should have been granted.

Judgment and order reversed and cause remanded for a new trial. Remittitur forthwith.

We concur: Wallace, C. J.; Rhodes, J.; Niles, J.; Crockett, J.